

JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| ERIC ALFRED BARK,<br>Petitioner,<br>v.<br>PATTON STATE HOSPITAL, et al.,<br>Respondent. | ) | No. CV 18-9978-CJC (PLA)<br>**ORDER DISMISSING ACTION AS DUPLICATIVE AND FOR FAILURE TO PROSECUTE AND FOLLOW COURT ORDERS** |

**I.**

**BACKGROUND**

On November 15, 2018, petitioner, who is currently housed at Patton State Hospital ("Patton"), filed a Petition for Writ of Habeas Corpus in this Court in case number 18-2419-AB (MAA) ("18-2419 Petition" or "18-2419 Pet."). In the 18-2419 Petition (which was prepared using a California state court habeas form), petitioner stated that he was arrested on May 2, 2014, and charged in case number KA105714 in the Pomona Superior Court with two counts of violating California Penal Code section 245(a)(1) (assault with a deadly weapon), and one count of violating California Penal Code section 594(a) (vandalism over $400).[1] (18-2419 Pet. at 2).

[1] Petitioner seems to allege that he was arrested after he unintentionally broke a $300 car (continued...)

In the 18-2419 Petition, petitioner stated that he is handicapped and 65-years old and has been imprisoned since 2014. (18-2419 Pet. at 3). He stated that he has not been indicted or convicted, refuses to plea bargain, does not know why he has not been sentenced, has never waived his right to a jury trial, and does not know why he is "locked up." (18-2419 Pet. at 2, 4). He further stated that on September 4, 2014, he was transferred to Patton from Twin Towers[2] and/or Men's Central Jail; on February 24, 2016, he was deemed incompetent to stand trial; and on March 7, 2017, "posible [sic] conservatorship." (18-2419 Pet. at 5). He asserted that he has requested his records from Pomona Superior Court, appeared to state that he has filed a habeas petition in the Pomona Superior Court in case number KA105714,[3] and has filed a habeas petition in the San Bernardino County Superior Court in case number WHCJS1800396. (18-2419 Pet. at 6). He further submitted that on March 21, 2016, he filed a Marsden[4] motion in the Pomona Superior Court, which was denied. (18-2419 Pet. at 5). He stated that he filed the 18-2419 Petition in order "to resolve all issues." (Id.). On November 30, 2018, after reviewing the 18-2419 Petition and finding that it was missing pages and, therefore, was incomplete, the Magistrate Judge previously assigned in that action issued an order to petitioner to -- no later than December 30, 2018 -- either send the Court a Notice attaching the missing pages, or send the Court a Declaration stating that the 18-2419

---

[1](...continued) window, during a time when he was under a doctor's care for physical and mental problems. (18-2419 Pet. at 7). He does not explain the facts behind the Penal Code section 245(a)(1) charges.

[2] Petitioner states that while at Twin Towers he was sodomized by two men, two to three months after his arrest, which resulted in his transfer to Patton State Hospital. (18-2419 Pet. at 3).

[3] A review of the Los Angeles County Superior Court case information website reflects that in Pomona Superior Court case number KA105714, petitioner was arraigned on May 7, 2014, and a preliminary hearing was held on May 15, 2014, at which time petitioner was "Held to Answer." There are no other entries on the website for that case number. The Court is unable to access the party name locator for that website to determine if petitioner filed a habeas petition that was given some other case number. The San Bernardino County Superior Court case information website reflects that petitioner filed a habeas petition in that court on October 25, 2018, which was denied on December 10, 2018.

[4] People v. Marsden, 2 Cal. 3d 118 (1970).

Petition was complete as submitted. (C.D. Cal. Case No. 18-2419, ECF No. 3). Petitioner has not responded to that Order. Meanwhile, in this action, case number 18-9978-CJC (PLA) ("18-9978"), on November 29, 2018, petitioner filed a second Petition for Writ of Habeas Corpus in this Court ("18-9978 Petition" or "18-9978 Pet."), this time using the Central District habeas form petition. In the 18-9978 Petition, as he did in the 18-2419 Petition, petitioner notes that in Pomona Superior Court, case number KA105714, he was charged with two counts of California Penal Code section 245(a)(1), and one count of California Penal Code section 594(a). (18-9978 Pet. at 1). The 18-9978 Petition contains much the same factual allegations as the 18-2419 Petition. (See generally 18-9978 Pet.). In this action, he also states that the Pomona Superior Court "has listed" his case number KA105714 "as a conviction"; however, the Court's review of that website does not reflect that information. (See discussion supra note 3). Petitioner also appears to request appointment of legal counsel. (18-9978 Pet. at 9). As he did in the 18-2419 Petition, he states that he filed the 18-9978 Petition in order to "resolve all issues." (Id.). He appears to acknowledge that he filed a previous habeas petition in this Court, stating that he filed a petition in this Court and raised the grounds that he is "in custody Patton State Hospital . . . without attorney. I am what I call kiddnapped [sic] without legal counsel." (18-9978 Pet. at 4).

It appeared to the Magistrate Judge in this action (who, along with the undersigned, has now been assigned to both of petitioner's actions), that the 18-2419 Petition and the 18-9978 Petition were both filed attacking the same underlying state court case (Pomona Superior Court case number KA105714), attacking the same imprisonment at Patton without an underlying conviction, and both were ambiguous about the relief being requested, other than to "resolve all issues." Petitioner, however, did not indicate in the 18-9978 Petition whether he wants the 18-9978 Petition to *replace* his 18-2419 Petition, or whether he intended it to be considered *separately* from and *in addition to* his 18-2419 Petition, as a new action.

To obtain clarification of petitioner's intent, on December 10, 2018, the Magistrate Judge in this action issued an Order to petitioner to either (1) notify the Court, in writing, that he wishes to proceed in this action (case number 18-9978), and not proceed in case number 18-2419; or (2) notify the Court, in writing, that he wishes to have the 18-9978 Petition construed as a First Amended

Petition in case number 18-2419; or (3) provide a declaration to the Court, stating why he believed he needed to continue with both Petitions. (C.D. Cal. Case No. 18-9978, ECF No. 3). The Magistrate Judge also advised petitioner that failure to file a response to the Order by January 10, 2019, "**will result in the Court rejecting the 18-9978 Petition and proceeding only in case number 18-2419 with his 18-2419 Petition as originally submitted on November 15, 2018**." (Id. (emphasis in original)).

As of the date of this Order, petitioner has not responded to the Magistrate Judge's December 10, 2018, Order, or otherwise communicated with the Court.

**II.**

**DISCUSSION**

**A. THIS ACTION IS DUPLICATIVE OF CASE NUMBER 18-2419**

Rule 2(c) of the Rules Governing Habeas Corpus Cases provides that a habeas petition must specify all the grounds for habeas relief as well as the facts supporting each ground. See Rule 2(c) (emphasis added). Because the 18-9978 Petition seems to challenge the same underlying Pomona Superior Court case petitioner was already challenging in his 18-2419 Petition, as well as his placement at Patton State Hospital, and both are equally ambiguous about the relief being requested, there is no reason to bring the same claims in a new petition under a new case number. See White v. Lamarque, 2002 WL 1941152, at *1 (N.D. Cal. Aug. 12, 2002) ("[a]ll claims pertaining to the same state conviction should be included in a **single** petition for a writ of habeas corpus").

Accordingly, this action is subject to dismissal as duplicative of case number 18-2419.

**B. FAILURE TO PROSECUTE AND TO FOLLOW COURT ORDERS**

This action is also subject to dismissal for failure to prosecute and to follow court orders.

It is well established that a district court has authority to dismiss a petitioner's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the

disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to petitioner's failure to prosecute or to comply with court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (citation and internal quotation marks omitted); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Petitioner's failure to respond to the Magistrate Judge's December 10, 2018, Order, or otherwise communicate with the Court in this action, hinders the Court's ability to move this case toward disposition and indicates that petitioner does not intend to litigate this action diligently.

The third factor -- prejudice to respondents -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. However, petitioner has another pending action in this Court that appears to be duplicative of this action. Moreover, it is petitioner's responsibility to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). By failing to respond to the December 10, 2018, Order as ordered by the Magistrate Judge, petitioner has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh petitioner's failure to comply with court orders.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The Magistrate Judge first attempted to avoid dismissal when he issued the December 10, 2018, Order, giving petitioner an opportunity to inform the Court of his intent in filing this duplicative action. Nonetheless, as of the date of this Order, petitioner has failed to respond as required by the Magistrate Judge's December 10, 2018, Order, or to otherwise communicate with the Court.

Taking all of the above factors into account, dismissal for failure to prosecute and to follow court orders also is appropriate. Such a dismissal, however, should not be entered unless petitioner has been notified that dismissal is imminent. See W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, petitioner was cautioned about the possibility of dismissal in the Magistrate Judge's December 10, 2018, Order, and will still be able to proceed with his Petition in case number 18-2419. Indeed, in an abundance of caution, the Court directs the Court clerk to docket the 18-9978 Petition in the 18-2419 action as a Supplement to the 18-2419 Petition. Petitioner is advised that in considering or addressing the 18-2419 Petition, and to the extent that the 18-9978 Petition adds any details to the allegations or other information in the 18-2419 Petition, the Court will consider the Supplement to the Petition together with the original 18-2419 Petition.

## III.

## CONCLUSION

The Court determines that the Petition in this action is duplicative of the Petition in case number 18-2419, and that it is also subject to dismissal for failure to prosecute and to follow court orders. Therefore, the 18-9978 Petition is rejected and this case is closed. Petitioner's claims will proceed only in case number 18-2419 with the 18-2419 Petition as originally submitted on November 15, 2018, considered together with any additional allegations or information that may have been provided in the Supplement to the Petition as discussed above.

IT IS SO ORDERED.

DATED: February 10, 2019

HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE